IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ANDREW JOHN SMITH, | CV 26–31–BLG–DWM |
| Plaintiff, | ORDER |
| v. | |
| UNITED STATES AIR FORCE, JAY CARAG, and MARTIN MEEK, | |
| Defendants. | |

Plaintiff Andrew John Smith has filed a pro se 42 U.S.C. § 1983 lawsuit.

(Doc. 2.) Smith's Complaint fails to state a claim for relief and is dismissed.

## I.  STATEMENT OF THE CASE

### A.      Parties

Smith is an inmate at Montana State Prison. (Doc. 2 at 3.) He is proceeding

in forma pauperis and without counsel. He names three defendants: the United

States Air Force, Jay Carag, and Martin Meek. (Doc. 2 at 3.)

### B.  Allegations

Smith cites 42 U.S.C. § 1983, the Fourteenth Amendment of the U.S.

Constitution, and 50 U.S.C. § 3513, as the source of his claims. (Doc. 2 at 4.) He

also cites four sections of the Montana Code. Mont. Code Ann. §§ 27-1-701, 703,

1

722, and 732. His general assertion is that he is "suing [Defendants] for negligence and the lack of accountability involving Cause No. DC-2021-02." (Doc. 2 at 7.)

Smith alleges he was directed by Defendant Meek, an Air Force Special Agent, to conduct some kind of highly classified investigation. (Doc. 2 at 7.) Between June 16 and July 15, 2021, some sort of counterintelligence actions by other parties resulted in Smith "using necessary and lawful force in the protection of [his] life and liberty," the lives of others, and highly sensitive military information. (This use of force appears to be the incident that resulted in Smith's conviction of deliberate homicide in the Tenth Judicial District Court, Petroleum County, Montana, for which he is currently imprisoned. *State v. Smith*, 2025 MT 281, 425 Mont. 197, 580 P.3d 708.[1] That is Cause No. DC-2021-02 mentioned above.) Smith alleges that Defendants "neglect[ed] the severity of the investigation and essentially [sent Smith] back into the field to be assassinated." (Doc. 2 at 8.)

Smith also alleges that Defendant Carag violated 50 U.S.C. § 3513 by using the initials "C.I.A." in relation to a nonprofit corporation Smith was involved with. (Doc. 2 at 9.)

---

[1] Under Federal Rule of Evidence 201, courts may take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts are not subject to dispute if they are "generally known" within the court's jurisdiction or "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." *Id.*; *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

Smith seeks monetary damages and various forms of injunctive relief. (Doc. 2 at 11.)

## II.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915A

Smith is an inmate proceeding in forma pauperis and pro se against a governmental defendant, so the Court must review his Complaint under 28 U.S.C. § 1915A. Section 1915A(b) requires the Court to dismiss a complaint by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A complaint fails to state a claim "where there is no cognizable legal theory, or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted).  Nevertheless, *pro se* pleadings are construed liberally to "afford the petitioner the benefit of any doubt." *Watison*, 668 F.3d at 1112 (internal quotation marks omitted); *cf.* Fed. R. Civ. P. 8(e)

("Pleadings must be construed so as to do justice.").

## III. ANALYSIS

Smith's Complaint fails to state a claim for the following reasons.

A. Statute of Limitations

First, claims related to events that occurred in June and July of 2021 are likely barred by the applicable statutes of limitations. Smith's claims under 42 U.S.C. § 1983 are subject to a three-year statute of limitations in Montana. Section 1983 contains no statute of limitations, so federal courts apply the state statute of limitations governing personal injury actions. *Wilson* v. *Garcia,* 471 U.S. 261, 280 (1985). Montana's statute of limitations for personal injury actions is three years. Mont. Code Ann. § 27-2-204(1). Any § 1983 claim related to Defendants' actions or failure to act leading up to the events of July, 2021--or Smith's subsequent conviction on July 5, 2022--must have been filed by July 5, 2025 at the latest. Smith's Complaint was filed too late, on March 22, 2026.

B. The United States and Federal Agents as Defendants

Smith fails to state a plausible claim under 42 U.S.C. § 1983, which provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State […], subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper

4

proceeding for redress[..]

Therefore, a claim under § 1983 requires: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a person (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (internal quotation marks omitted). Under color of state law requires the actor to be a state actor, or clothed in the authority of the state. Smith has not named such a defendant. "[F]ederal officials can only be liable under section 1983 where there is a sufficiently close nexus between the State and the challenged action of the federal actors so that the action of the latter may be fairly treated as that of the State itself." *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008)

Smith has named only federal actors—the U.S. Air Force itself, and two Air Force Special Agents. He has alleged no facts to show a sufficiently close nexus between the actions of these defendants and any state actor, such as to make them amenable to suit under § 1983. Accordingly, Smith has not named a proper defendant for a § 1983 claim.

As an alternative, in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), the Supreme Court "recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Hernandez v. Mesa*, 582 U.S. 548, 553 (2003) (internal

quotation marks and citation omitted). *Bivens* concerned an improper search and arrest under the Fourth Amendment of a plaintiff in his home without a warrant. Since *Bivens*, the Supreme Court has expanded this implied cause of action only twice—in *Davis v. Passman*, 442 U.S. 228 (1979), for gender discrimination by a United States Congressman under the Fifth Amendment, and in *Carlson v. Green*, 446 U.S. 14 (1980), for failure to provide adequate medical care by federal prison officials under the Eighth Amendment. *See Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017) ("These three cases – *Bivens, Davis*, and *Carlson* – represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself.").

Recent Supreme Court jurisprudence "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.*, at 135. Indeed, the Supreme Court has indicated that "if [the Court] were called to decide *Bivens* today, [it] would decline to discover any implied causes of action in the Constitution." *Egbert v. Boule*, 596 U.S. 482, 502 (2022).

A *Bivens* action cannot be asserted against the United States generally or against a federal agency. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007).) Therefore, Smith cannot state any *Bivens* claim against one of his named defendants, the U.S. Air Force. As to the two individual federal actor

6

defendants, the first question, in analyzing the viability of any possible claim as a *Bivens* action, is what is the constitutional right at issue?

Smith quotes the Fourteenth Amendment in its entirety as the basis for his claim. (Doc. 2 at 4.) However, the "Fourteenth Amendment applies to the states, and actions of the Federal Government and its officers are beyond the purview of the [Fourteenth] Amendment." *District of Columbia v. Carter*, 409 U.S. 418, 424 (1973). Thus, Smith cannot state a Fourteenth Amendment claim against these defendants. Thus, Smith has failed to identify a viable constitutional basis for any *Bivens* claim.

Smith fails to state a claim under either § 1983 or *Bivens*.

C.  50 U.S.C. § 3513

Smith also asserts a claim against Defendant Carag under 50 U.S.C. § 3513, which states that "[n]o person may, except with the written permission of the Director, knowingly use the words "Central Intelligence Agency", the initials "CIA", the seal of the Central Intelligence Agency, or any colorable imitation of such words, initials, or seal in connection with any merchandise, impersonation, solicitation, or commercial activity in a manner reasonably calculated to convey the impression that such use is approved, endorsed, or authorized by the Central Intelligence Agency." 50 U.S.C. § 3513(a). "[T]he Attorney General may initiate a civil proceeding in a district court of the United States to enjoin such act or

practice." 50 U.S.C. § 3513(b). Thus, enforcement of this statute is left to the Attorney General; the law does not provide a private right of action for Smith to sue an individual. Smith fails to state a claim under 50 U.S.C. § 3513

## IV. CONCLUSION

28 U.S.C. § 1915A requires a court to dismiss a complaint that fails to state a claim upon which relief may be granted, but these statutes do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). However, where, as here, amendment would be futile, the Complaint must be dismissed.

Accordingly, it is HEREBY ORDERED:

1. Smith's Complaint is DISMISSED for failure to state a claim. The Clerk of Court is directed to close this matter and enter judgment.

2. The Clerk is directed to note in the docket that the dismissal of this action counts as a strike within the meaning of 28 U.S.C. § 1915(g). Appeal would not be taken in good faith.

DATED this 1st day of May, 2026.

Donald W. Molloy, District Judge
United States District Court